IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIACOM INTERNATIONAL INC.,

    Plaintiff,

v.

STICKERSUPERSHOP,

    Defendant.

Case No.: 1:19-cv-06179

## COMPLAINT

Plaintiff, VIACOM INTERNATIONAL INC. ("Viacom" or "Plaintiff"), by its undersigned counsel, hereby complains of the Defendant, and for its Complaint hereby alleges as follows:

## OVERVIEW

1. Viacom brings this action to address Defendant's selling and offering for sale stickers, decals, and other products (the "Infringing Products") that feature infringements and/or counterfeits of Viacom's world famous trademarks for its DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES properties, which Defendant sells and offers for sale through its eBay stores, such as "stickersupershop." In addition, the Infringing Products are based on and derived from copyrighted subject matter -- DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES -- for which Viacom possesses U.S. Copyright Registrations (hereinafter referred to as the "Plaintiff's Works"). Viacom's trademark and copyright registrations relating to Plaintiff's Works are valid, subsisting, and in full force and effect. Viacom seeks to enjoin Defendant's willful infringement and/or counterfeiting of Viacom's valuable registered trademarks and copyrights, as well as to

protect innocent consumers from unknowingly purchasing low-quality infringing products over the internet. Viacom has been and continues to be irreparably harmed through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 15 U.S.C. §501, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant, as Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, Defendant has offered to sell and has shipped infringing products into this Judicial District.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant as Defendant has directly targeted consumers in the United States, including Illinois, through at least the fully interactive Online Marketplace Account "stickersupershop" ("Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks. Defendant has targeted sales from Illinois residents by operating at least

one online store that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

5. Plaintiff Viacom files this action to combat online counterfeiters who knowingly and willfully trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized products that use illegal copies of Plaintiff's trademarks and copyrighted works, including Viacom's world famous DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES properties, which are covered by 58 US trademark registrations and applications and approximately 850 copyright registrations, including Trademark Reg. Nos. 2,826,075; 2,721,725 and 2,530,091, and Copyright Reg. Nos. VAu-1-118-386; VAu-1-334-964; VAu-1-018-084 and VAu-1-257-384. Viacom's trademark and copyright registrations are valid, subsisting, and in full force and effect. A true and correct copy of the the aforementioned federal trademark registration certificates for the marks are attached hereto as Exhibit 1. A true and correct copy of the copyright registration certificates for Plaintiff's Works are attached hereto as Exhibit 2.

6. Counterfeiters such as Defendant often create numerous Internet Stores and design them to appear to be selling genuine versions of Plaintiff's products, while in fact, they sell inferior imitations of Plaintiff's products or feature inferior renditions of Plaintiff's Works. Plaintiff files this action to combat Defendant's infringement and counterfeiting of Plaintiff's registered trademarks and copyrights, as well as to protect unknowing consumers from purchasing unauthorized DORA

THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its renowned copyrighted works as a result of Defendant's actions. Plaintiff seeks injunctive and monetary relief.

## THE PLAINTIFF

7. Plaintiff, Viacom is a Delaware corporation, which has a principal place of business at 1515 Broadway, New York, NY. Viacom owns the world-famous properties DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES. In addition to creating media content based on these properties that is distributed through linear cable television networks, streaming services, online and theatrical releases, Viacom offers a line of consumer products and services for each property including toys, clothing, food items, decorative items, wall stickers, personal care products, and experiences marketed towards fans of the properties. The following are some examples of genuine, licensed DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products:





  









7

8. Since Viacom's initial launch or acquisition of the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES properties, Plaintiff's marks and works are and have been the subject of continuous marketing and promotion by Plaintiff. Plaintiff has and continues to market and promote its marks and works in the industry and to consumers.

9. Plaintiff's trademarks are distinctive and identify the particular merchandise as genuine goods sourced from Plaintiff. Consumers expect a high level of quality when purchasing any item that bears the Plaintiff's trademarks. The registrations for these trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks pursuant to 15 U.S.C. § 1057 (b).

10. Plaintiff's trademarks have been continuously used and never abandoned.

11. Plaintiff's copyrights have been continuously used by Viacom throughout the period relative to the Defendant's conduct that prompted this action.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its trademarks and/or copyrighted works. As a result, products bearing the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks / copyrighted imagery are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

**THE DEFENDANT**

13. Defendant is an online marketplace store who, upon information and belief, resides in the State of Israel or other foreign jurisdictions. Defendant conducts business throughout the

United States, including within Illinois and in this Judicial District, through the operation of at least one fully interactive online marketplace. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has successfully sold and continues to sell counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products to consumers within the United States, including Illinois and in this Judicial District.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

14. The incredible success of Plaintiff's Works has resulted in their widespread infringement and counterfeiting.

Examples of Defendant's counterfeit products are as follows:







10

15. Upon information and belief, Defendant facilitates sales by designing its Internet Store so that it appears to unknowing consumers to be an authorized / licensed online retailer selling genuine DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products. Defendant's Internet Store often includes images and design elements that make it very difficult for consumers to distinguish such counterfeit products from those offered by authorized / licensed vendors. Plaintiff has not licensed or authorized Defendant to use any of its trademarks or copyrighted imagery, and Defendant is not an authorized retailer of genuine DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES products.

16. Counterfeiters will often use a variety of common tactics to evade enforcement efforts. For example, counterfeiters like Defendant will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

17. Further, counterfeiters such as Defendant typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendant regularly moves funds from its PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from

previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to offshore-based bank accounts outside the jurisdiction of this Court.

18. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks and copyrighted works in connection with the advertisement, distribution, offering for sale, and sale of counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products into the United States and Illinois over the Internet. Defendant's Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has offered to sell and successfully sold counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products into the United States, including Illinois.

19. Defendant's use of the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit products, including the sale of counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products into Illinois is likely to cause and has caused confusion, mistake, and deception by and among consumers, and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

20. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

21. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the registered DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under these trademarks.

22. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks without Plaintiff's permission.

23. Plaintiff is the exclusive owner of the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks. Plaintiff's United States Registrations for the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks and are willfully infringing and intentionally using counterfeits of these trademarks. Defendant's willful, intentional and unauthorized use of Plaintiff's trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

24. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks.

26. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

27. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

28. Defendant's promotion, marketing, offering for sale, and sale of counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's counterfeit products by Plaintiff.

29. By using the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks in connection with the sale of counterfeit products, Defendant has created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products.

30. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

31. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

32. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

33. Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES products, representing that its products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

34. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

35. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT IV
## COPYRIGHT INFRINGEMENT 17 U.S.C. §501(a)

36. Plaintiff repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37. Plaintiff's Works have significant value and have been produced and created at considerable expense.

38. Plaintiff is the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the copyrighted DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES works, including derivative works. DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES are the subject of valid Certificate of Copyright Registrations issued by the Register of Copyrights. (Exhibit 2). The copyrighted characters include a copyright notice advising the viewer that the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES works are protected by Copyright Laws.

39. Defendant, without permission or consent of Plaintiff, has, and continues to sell online infringing derivative works of the copyrighted DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES works. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

40. The forgoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

41. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

42. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be full compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies in its possession.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, as well as all affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendant be temporarily preliminarily, and permanently enjoined and restrained from:

  a. using the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES trademarks and/or works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES product or is not authorized by Plaintiff to be sold in connection with the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES trademarks and/or copyrighted works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES trademarks and/or works and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademarks or copyrighted imagery, including the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks and/or works, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which it has complied with paragraph 1, a through f, above;

3) That Defendant's account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, and TEENAGE MUTANT NINJA TURTLES trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the DORA THE EXPLORER, SPONGEBOB SQUAREPANTS, OR TEENAGE MUTANT NINJA TURTLES trademarks and/or copyrighted works;

5) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

6) For Judgment in favor of Plaintiff against Defendant for actual damages or other available damages, including statutory damages up to $150,000 pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs as pursuant to 15 U.S.C. 1117(a) and/or 17 U.S.C. §505; and

8) Any and all other relief that this Court deems just and proper.

DATED: September 16, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Keith A. Vogt*
　　　　　　　　　　　　　　　　　　　　　　Keith A. Vogt (Bar No. 6207971)
　　　　　　　　　　　　　　　　　　　　　　Keith Vogt, Ltd.
　　　　　　　　　　　　　　　　　　　　　　111 West Jackson Blvd., Suite 1700
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　　　　Telephone: 312-675-6079
　　　　　　　　　　　　　　　　　　　　　　E-mail: keith@vogtip.com

　　　　　　　　　　　　　　　　　　　　　　***ATTORNEY FOR PLAINTIFF***